**Opinion issued July 7, 2016**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-15-00312-CR
_____

**HARVEY SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1421605**

---

### MEMORANDUM OPINION

A jury convicted appellant Harvey Smith of aggravated robbery and found that he used a deadly weapon in the commission of the offense. *See* TEX. PENAL CODE § 29.03. The jury assessed punishment at 28 years in prison. On appeal he challenges the legal sufficiency of the evidence to support the conviction, arguing

that the State failed to prove beyond a reasonable doubt that he used or exhibited a deadly weapon in the commission of the charged offense. We affirm.

## Background

Juan Carlos Martinez worked as a mechanic for a trucking company. He was working alone on a Saturday afternoon, repairing a transmission, which required the use of an air compressor. While he was working, he heard a noise that sounded like a person throwing items into the bed of a pickup truck. As he got up to investigate, he noticed that the hoses attached to the air compressor had deflated. Martinez saw appellant Harvey Smith, a man he recognized, having seen him speaking with the manager of the trucking company in the past. Martinez saw that Smith had put tools and the air compressor in the back of a brown Chevy pickup truck.

Martinez approached the truck and attempted to remove the air compressor. Smith began yelling angrily, and Martinez responded, saying, "It's mine, it's mine." Smith then pulled a black semiautomatic pistol from his waistband and pointed it at Martinez's chest, causing him to fear that he would be killed or injured. Martinez backed away, and Smith shot twice toward his feet. Smith then got into the truck and sped away.

Houston Police Department Officer J. Gomez responded to a call about the robbery. Martinez told him that someone who had previously worked for the

2

trucking company had fired a gun at him and taken an air compressor. Officer Gomez later testified that Martinez was nervous and rattled, and he had difficulty hearing. Officer Gomez canvassed the area but did not find any spent shell casings. However, he testified that shell casings are not always recovered after a gun is fired.

Michael Tyler, the manager of the trucking company, confirmed the shooter's identity and provided his name and date of birth to patrol officers. During the investigation of this robbery, Houston police officers drove past Smith's house, where they saw a brown Chevy pickup truck that matched the description of the truck used to take the compressor.

Smith was charged with aggravated robbery. Martinez testified at trial, saying that Smith held him at gunpoint, took an air compressor he had been using, and fired two shots at his feet. According to Martinez, the robbery occurred at about 2:00 p.m. or 3:00 p.m. Martinez testified that he had identified Smith from a photographic array, and he also identified him in open court as the person who took the air compressor and fired shots at him.

Another mechanic, Jose Portillo, testified that he had loaned the air compressor to Martinez. He did not witness the robbery, but he heard a sound that Martinez later told him was a gunshot. However, he testified that the shot was fired around 11:00 a.m. or 11:30 a.m. This was consistent with the police department

3

incident report. However, Portillo also testified that other activities that occur on the premises make noises similar to gunshots, such as pallet repair and hammering.

Tyler also identified Smith in open court as someone who had worked briefly for him as an independent trucker. Tyler admitted that he owed Smith $200 around the time of the robbery.

Smith testified in his own defense, agreeing that he had worked briefly for Tyler as an independent trucker. He said that Tyler owed him $421, and a $200 check from him had bounced due to insufficient funds. Smith testified that Tyler was indignant when told about the bounced check. Smith said he called Tyler many times to attempt to recover the money owed, but he was unable to connect with him.

Smith admitted that he went to the trucking company around 11:00 a.m. on the day of the robbery. He admitted taking the air compressor and conceded that it did not belong to him. He intended to use his possession of the compressor to persuade Tyler to pay the $421 that he allegedly was owed. Smith testified that the compressor was not in working order, and he later sold it for $65.

Smith's testimony differed sharply from Martinez's on the issue of the gun. Smith denied having, brandishing, or firing a gun. Smith testified that he was 64 years old, and he had never robbed anybody.

The jury found Smith guilty of aggravated robbery, and he appealed.

**Analysis**

In his sole issue, Smith argues that the evidence was legally insufficient to support the jury's verdict because the State did not prove that he used or exhibited a deadly weapon as he was taking the air compressor. Specifically, he argues that the absence of shell casings and the testimony about other loud noises that could have sounded like a gunshot injected reasonable doubt sufficient to undermine the jury's verdict.

When evaluating a legal-sufficiency challenge, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The standard is the same for both direct and circumstantial evidence cases. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013); *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *Wiley v. State*, 388 S.W.3d 807, 813 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. TEX. PENAL CODE § 29.03. A person commits robbery if "in the course of committing theft" and "with intent to obtain or maintain control of the property," he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *Id.* § 29.02; *see id.* § 31.03(a) (theft); § 31.03(b)(1) (unlawful appropriation).

On appeal, we consider the evidence in the light most favorable to the factfinder's decision. Martinez testified that Smith threatened him with a firearm and caused him to fear for his life while taking the air compressor he had been using. Portillo testified that the compressor belonged to his girlfriend, and he had given Martinez permission to use it. Smith himself testified that he took the compressor, which he did not own. Based on this evidence, the jury could have found the essential elements of aggravated robbery beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Merritt*, 368 S.W.3d at 525.

Smith contends that the jury should have credited his testimony and discounted Martinez's testimony. He argues that he was credible and viewing his testimony in a positive light—and rejecting Martinez's testimony—there is insufficient evidence to support the jury's verdict. First, this approach is inconsistent with our standard of review on appeal, which requires us to view the evidence in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319,

6

99 S. Ct. at 2789; *Merritt*, 368 S.W.3d at 525. Second, this case was tried before a jury that was tasked with assessing the credibility of the witnesses and determining all issues of fact, including resolving inconsistencies in the testimony. The jury was free to draw its own conclusions about the witnesses' credibility, and the verdict reflects the jury's implicit conclusion that Martinez was credible and the contrary testimony offered by Smith was not. In any case, the credibility determination is purely the province of the jury, and it may not be second-guessed on appeal. *See Adames*, 353 S.W.3d at 860; *Wiley*, 388 S.W.3d at 813. Similarly, Smith's argument that the absence of shell casings and the other loud noises that could have sounded like a gunshot injected reasonable doubt into this case is unavailing. As with the determination of witness credibility, the resolution of conflicting facts is also the province of the factfinder. *See Adames*, 353 S.W.3d at 860; *Wiley*, 388 S.W.3d at 813.

We hold that the evidence was legally sufficient to support the jury's verdict, and we overrule Smith's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).